**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**WEST PALM BEACH DIVISION**

**CASE NO.:**

ANTONIA RODRIGUEZ,
     Plaintiff,

vs.

CLEVA TECHNOLOGIES, LLC,
a Foreign Profit Corporation,
     Defendant

_____ /

**COMPLAINT AND DEMAND FOR JURY TRIAL**
**DECLARATORY RELIEF REQUESTED**

COMES NOW the Plaintiff, ANTONIA RODRIGUEZ ("Ms. Rodriguez" or "Plaintiff"), by and through her undersigned counsel, and sues the Defendant, CLEVA TECHNOLOGIES, LLC ("Defendant" or "CLEVA") and alleges the following:

1.      Plaintiff brings these claims for age discrimination and retaliation based on age against CLEVA for its disparate and unlawful treatment of Plaintiff based upon her age in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 626 (b) & (c), and 29 U.S.C. § 623(a)(1), and the Florida Civil Rights Act ("FCRA"), Chapter 760, Fla. Stat.

**JURISDICTION AND VENUE**

2.      This Court has original jurisdiction over Plaintiff's ADEA claims pursuant to 28 U.S.C. § 1331 as they arise under federal law, and the actions giving rise to this lawsuit occurred in Palm Beach County, Florida.

3.      This Court also has supplemental jurisdiction over Plaintiff's FCRA claims as they arise out of the same common nucleus of operative facts as do her ADEA claims.

4.      Plaintiff is, and at all times material was, a resident of Broward County, Florida, and

worked for Defendant in Boca Raton, Palm Beach County, Florida.

5. Venue is therefore proper in the West Palm Beach Division of the Southern District of Florida.

## PARTIES

6. Plaintiff, who is an adult female and sixty-one (61) years of age, is protected by the ADEA and the FCRA because:

    a. She suffered discrimination and retaliation by Defendant on the basis of her age; and

    b. She suffered an adverse employment action and was subjected to an increasingly hostile and retaliatory work environment based on her age, including being discharged for same.

7. Ms. Rodriguez worked for CLEVA as an Assembler from January 30, 2023, until her termination on March 7, 2023.

8. Defendant was at all material times an "employer" as defined by the ADEA and the FCRA, as it employed in excess of twenty (20) employees.

9. Plaintiff was at all material times an "employee" as defined by the ADEA and the FCRA.

10. Defendant is a Florida limited liability company that maintains a location and conducts substantial business in Boca Raton, Palm Beach County, Florida.

## CONDITIONS PRECEDENT

11. On or about December 18, 2023, Plaintiff timely dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") alleging age discrimination and retaliation based on

age against Defendant.

12.    Plaintiff's claims were ripe under the ADEA sixty (60) days thereafter, and became ripe under the FCRA one-hundred and eighty (180) days from the date Plaintiff filed her Charge of Discrimination.

13.    Neither the ADEA nor the FCRA require that Plaintiff first receive a Notice of Right to Sue from the EEOC or FCHR once the above time limits have expired for the EEOC/FCHR to render a determination.

14.    On or about April 17, 2024, Plaintiff received a "Determination and Notice of Rights" from the EEOC in which the EEOC stated that it "will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute."

15.    The aforementioned "Determination and Notice of Rights" continued, "[t]his is official notice from the EEOC of the dismissal of your charge and of your right to sue," and "[y]our right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days."

16.    Plaintiff timely files this lawsuit within the applicable period(s) of limitations against Defendant, and has complied with all administrative prerequisites.

17.    All conditions precedent to this action have been satisfied and/or waived.

## STATEMENT OF FACTS

18.    At all times material, Plaintiff was a sixty (60) year old woman who worked for Defendant.

19.    Upon being hired by CLEVA, Ms. Rodriguez noticed that she was the oldest employee at CLEVA, and that most employees were not just younger, but significantly younger.

20.    In early March of 2023, Ms. Rodriguez asked CLEVA General Manager Danny

Vargas if she could bring in a friend of her husband's for a job interview, as the gentleman in question was looking for work.

21.     In response, Mr. Vargas asked, "how old is that guy?  I am just hiring young people."

22.     This response by Mr. Vargas worried Ms. Rodriguez, and she objected to Mr. Vargas that CLEVA's policies and actions constituted unlawful age discrimination in violation of the ADEA and the FCRA.

23.     Mere days later, on March 7, 2023, CLEVA informed Ms. Rodriguez that it had decided to terminate her employment, effective immediately.

24.     CLEVA replaced Ms. Rodriguez that same day, March 7, 2023, with a twenty-two (22) year old male.

25.     Plaintiff was fired for no reason other than her comparatively advanced age, and her objections to CLEVA's discrimination based on age.

26.     Defendant's reason for Plaintiff's termination was a pretext designed to rid the workplace of an older worker in exchange for younger, less-qualified employees.

27.     Defendant did not have a legitimate, non-discriminatory, non-retaliatory reason for mistreating and terminating Plaintiff.

28.     But for Plaintiff's age, Defendant would not have treated Plaintiff as it did, or terminated her employment.

29.     The persons who discriminated and retaliated against Plaintiff most severely based on age were decision-makers in terms of the termination of Plaintiff's employment.

30.     As a result of Defendant's discrimination and retaliation based on age, Plaintiff has suffered damages, including, but not limited to, lost wages and benefits, compensatory damages,

and emotional distress damages.

31.     Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I- AGE DISCRIMINATION UNDER THE ADEA

32.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-31 of the Complaint, above, as if fully set forth in this Count.

33.     Plaintiff was over forty (40) years old when she was terminated.

34.     Plaintiff was not terminated for cause.

35.     Plaintiff was terminated only because of her age, and would not have been terminated but for her age.

36.     Defendant did not have a legitimate, non-discriminatory reason for mistreating Plaintiff as it did, for obsessing over young employees, or for terminating Plaintiff.

37.     Plaintiff was replaced by an individual who was substantially younger than Plaintiff.

38.     Plaintiff's job duties were taken over an employee significantly younger than Plaintiff, who was less experienced and less qualified than Plaintiff.

39.     Plaintiff was mistreated and fired only because of her age, and would not have been mistreated or fired but for her age.

40.     Defendant's termination of Plaintiff was willful and intentional, and evidences a reckless disregard for Plaintiff's rights against age discrimination.

41.     Defendant had no good faith basis for mistreating and terminating Plaintiff based on her age, and Plaintiff is entitled to liquidated damages based on these actions.

42.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

43.     Prior to terminating Plaintiff, Defendant did not consult with the EEOC, Department of Labor, or legal counsel to determine whether Plaintiff's termination, based on her age, was in compliance with the ADEA.

### REQUEST FOR RELIEF- COUNT I

WHEREFORE, Plaintiff prays that this Court will:

44.     Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

45.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the discrimination through reinstatement, or, if that is not practical, through an award of front pay;

46.     Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

47.     Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

48.     Provide any additional relief that this Court deems just and proper.

### COUNT II – AGE DISCRIMINATION UNDER THE FCRA

49.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-31 of the Complaint, above, as if fully set forth in this Count.

50.     Plaintiff was over forty (40) years old when she was terminated.

51.     Plaintiff was not terminated for cause.

52.     Plaintiff was discriminated against based on her age.

53.     Defendant did not have a legitimate, non-discriminatory reason for mistreating Plaintiff as it did, for obsessing over younger employees, or for terminating Plaintiff's employment.

54.     Plaintiff was replaced by an individual who was substantially younger than Plaintiff.

6

55.     Plaintiff's job duties were taken over by an employee who was significantly younger than Plaintiff, who was less experienced and less qualified than Plaintiff.

56.     The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against age discrimination under the Florida Civil Rights Act, Chapter 760, Fla. Stat.

57.     The discrimination to which Plaintiff was subjected was based on her age.

58.     Plaintiff was mistreated and fired only because of her age, and would not have been mistreated or fired but for her age.

59.     The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

60.     The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter Defendant, and others, from such conduct in the future.

61.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

62.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF AS TO COUNT II

WHEREFORE, Plaintiff prays that this Court will:

63.     Issue a declaratory judgment that the discrimination against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

64.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the

7

discrimination through reinstatement, or, if that is not practical, through an award of front pay;

65.     Grant Plaintiff a judgment against Defendant for damages, including, but not limited to, wage loss, compensatory, and punitive damages;

66.     Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to 760.11(5), Fla. Stat.; and

67.     Provide any additional relief that this Court deems just and proper.

### COUNT III- RETALIATION UNDER THE ADEA

68.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-31 of the Complaint, above, as if fully set forth in this Count.

69.     The acts of Defendant by and through its agents and employees violated Plaintiff's rights against being retaliated against for opposing age discrimination under the ADEA.

70.     The retaliation to which Plaintiff was subjected was based on her expressed opposition to Defendant's illegal age discrimination, and was willful.

71.     The conduct of Defendant, its agents, and its employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of consortium, loss of enjoyment of life, and other non-pecuniary losses.

72.     Plaintiff is entitled to recover liquidated damages and reasonable attorneys' fees and costs and litigation expenses pursuant to the ADEA.

73.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

### REQUEST FOR RELIEF- COUNT III

WHEREFORE, Plaintiff prays that this Court will:

8

74.     Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the ADEA;

75.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

76.     Grant Plaintiff a judgment against Defendant for all lost wages and compensatory damages, including liquidated damages;

77.     Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the ADEA.

78.     Provide any additional relief that this Court deems just and proper.

## COUNT IV- RETALIATION UNDER THE FCRA

79.     Plaintiff realleges and reincorporates the allegations contained in paragraphs 1-31 of the Complaint, above, as if fully set forth in this Count.

80.     The acts of Defendant by and through its agents and employees violated Plaintiff's rights against being retaliated against for opposing age discrimination under the FCRA.

81.     The retaliation to which Plaintiff was subjected was based on her expressed opposition to Defendant's illegal age discrimination, and was willful.

82.     The conduct of Defendant, its agents, and its employees proximately, directly, and foreseeably injured Plaintiff, including but not limited to lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of consortium, loss of enjoyment of life, and other non-pecuniary losses.

83.     Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 760.11(5), Fla. Stat.

84.     Plaintiff has no plain, adequate, or complete remedy at law for the actions of

9

Defendant, which have caused, and continue to cause, irreparable harm.

## REQUEST FOR RELIEF- COUNT IV

WHEREFORE, Plaintiff prays that this Court will:

85.     Issue a declaratory judgment that the retaliation against Plaintiff by Defendant was a violation of Plaintiff's rights under the FCRA;

86.     Require that Defendant make Plaintiff whole for her losses suffered as a result of the retaliation through reinstatement, or, if that is not practical, through an award of front pay;

87.     Grant Plaintiff a judgment against Defendant for damages, including wage loss, compensatory, and punitive damages;

88.     Award Plaintiff her reasonable attorney's fees and litigation expenses against Defendant pursuant to the FCRA.

89.     Provide any additional relief that this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated this 29th day of April, 2024.

Respectfully submitted,

*/s/ Noah E. Storch*
Noah E. Storch, Esq.
Florida Bar No. 0085476
RICHARD CELLER LEGAL, P.A.
10368 W. State Road 84, Suite 103
Davie, FL 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-mail:  noah@floridaovertimelawyer.com

*Trial Counsel for Plaintiff*